(No. 24734.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HILDA HOLMES, Plaintiff in Error.

*Opinion filed October 17, 1938—Rehearing denied Dec. 8, 1938.*

BARNABAS F. SEARS, and GEORGE D. CARBARY, for plaintiff in error.

OTTO KERNER, Attorney General, CHARLES A. O'CONNOR, State's Attorney, and A. B. DENNIS, (W. BEN MORGAN, and FRANK REID, JR., of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Hilda Holmes was found guilty of manslaughter by a jury in Kane county for an attempt to produce an abortion upon Grace Christensen in April, 1937. The jury recommended leniency. The cause is here for review upon writ of error.

Mrs. Christensen, the mother of three children, believed she was pregnant and visited defendant at her sanitarium in Elgin, where she received treatment. As a matter of fact she was suffering from an ovarian abscess that induced a belief of pregnancy. Because deceased was admittedly not pregnant, defendant contends the charge of murder by attempted abortion cannot stand, as the presence of a living fœtus in the uterus is a necessary, precedent element of

statutory abortion or attempted abortion. The People counter with the statement that where deceased came to her death as a result of an attempted abortion, it is not necessary either to allege or prove pregnancy.

The trial judge kept from the jury, and rightfully so, what purported to be the written dying declaration of Mrs. Christensen. He did allow in evidence, however, her oral declarations upon which the written dying declaration was largely predicated. Defendant assumes the position that the oral declarations were not made by Mrs. Christensen under the fixed belief that her death was certain and imminent. Deceased entered a hospital on May 8, and remained there until her death on May 26. On May 10, the hospital historian endeavored to procure from Mrs. Christensen a history of her case for the hospital records. She gave the details concerning the alleged abortion but refused to divulge where and by whom the abortion was attempted, saying, at the time, she would give such information when she felt she was going to die. On Saturday morning, May 15, just before going off duty for the week-end, the historian again visited Mrs. Christensen in order to have the history completed. At no time, before or on this day, was Mrs. Christensen ever told by her physicians or other qualified persons that her death was certain and imminent. According to the testimony of the historian and two nurses who were in the room at the time, Mrs. Christensen, of her own volition, said she was going to die and desired to tell everything. She proceeded to tell of visits to defendant on three different days and detailed what was done in order to bring about an abortion. During this recital she kept repeating that she was going to die and regretted having disgraced her husband and family by her acts. On cross-examination, it was established that the oral statement of May 10 contained all of the facts of the alleged abortion, with the exception of the name of the responsible party and the essential declaration of Mrs. Christensen that she expected to die.

The record fails to establish that Mrs. Christensen had given up all hope of living on May 15, when she made the written statement which the court withheld from the jury, or that she believed her death was imminent and certain. She was in good enough condition to partake of food, was more hopeful and cheerful and smoked a cigarette. She lived for eleven more days, during which time she submitted to a serious operation in an endeavor to offset the bursting of the ovarian abscess. The real genesis of both the written and oral statements was the desire of the hospital authorities to obtain an exculpatory statement for the the hospital record. It was essentially one of exoneration, not one of incrimination. Nowhere in the written statement was found a belief of Mrs. Christensen that she was going to die, let alone that she believed her death was certain and imminent. After refusing to admit the written statement, it was error to admit the oral declarations of Mrs. Christensen to the same effect.

The judgment against defendant is predicated upon evidence that fails to establish her guilt beyond a reasonable doubt. It was the theory of the People that the ovarian abscess was caused by defendant attempting to commit an abortion. Defendant argued that the abscess was present in the body of Mrs. Christensen before she came to her, and the proof sustains this as a fact. It was this abscess that created the peritonetal condition which was the direct cause of Mrs. Christensen's death, without any intervening assistance or act of defendant. The medical testimony in support of the two theories is voluminous and highly technical. It is sufficient for the purpose of reviewing this judgment to say, from a careful study of this testimony, that the opinions of the medical witnesses for the People do not overbalance the testimony of the medical witnesses testifying for defendant. If the treatments given Mrs. Christensen by defendant had punctured the abscess, she would not have been able to walk and carry on as she did

before entering the hospital. This abscess did not burst until May 18, ten days after she entered the hospital, and, from the evidence, the death of Mrs. Christensen was attributable to the infection from the bursted abscess and not to anything done to her by defendant.

Other alleged errors have been examined but the errors considered above require a reversal of the judgment, without remandment.

*Judgment reversed.*